930 F.2d 918
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pamela GILLEAN, individually and as Next Friend of Marie
Gillean, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-1621.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1991.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Pamela Gillean, individually and as Next Friend of Marie Gillean, appeals the district court's grant of summary judgment to defendant-appellee, The United States of America, in this suit under the Federal Tort Claims Act, alleging negligent medical care of Marie Gillean shortly after her birth at the Beaufort Naval Hospital.
 
 I.
 
 2
 On July 1, 1976, Pamela Gillean gave birth to Marie Gillean prematurely at 12:40 a.m. at the Beaufort Naval Hospital in South Carolina. Marie received poor Apgar scores at one and five minutes after birth. She also suffered from breathing difficulties, episodic slowing of the heart rate, cyanosis, and hypothermia. Plaintiff's complaint states that despite these problems, attending physicians failed to begin active therapy until 8:00 a.m., over seven hours after her birth. Approximately four months later, doctors diagnosed Marie as having hydrocephalus. Doctors later diagnosed Marie as suffering from numerous neurodevelopmental impairments, a below normal I.Q., motor problems, severe abnormalities of vision and special perception, and seizure disorders. Plaintiff alleges that Marie suffered brain damage because hospital personnel negligently delayed treating Marie following her birth.
 
 
 3
 Over eight years after her daughter's birth, Pamela Gillean went to her present attorneys to determine whether she had any legal recourse against the hospital. A letter dated March 22, 1985 from Children's Hospital of Michigan, where Marie has received treatment in recent years, shows that the attorneys began collecting Marie's medical records in early 1985. A letter from Beaufort Naval Hospital to the attorneys dated April 11, 1985 shows that the hospital forwarded a copy of Marie's medical records on this date. Finally, a form sent from the National Personnel Records Center in St. Louis, Missouri indicates that copies of Pamela and Marie Gillean's 1976 medical records were mailed to the attorneys on May 11, 1985.
 
 
 4
 On August 24, 1987, the attorneys received an opinion from a medical expert who had reviewed Marie's medical records. The expert believed that the doctors who had delivered Marie had committed malpractice. Pamela Gillean alleges that before hearing this medical expert's opinion, she did not know that her daughter's developmental and mental limitations were in any way caused by malpractice on the part of the delivering physicians.
 
 
 5
 Plaintiff filed an administrative claim for damages with the Department of the Navy on February 23, 1988. When she received no answer to her claim, plaintiff filed this lawsuit on August 28, 1989 in the United States District Court for the Eastern Division of Michigan.
 
 
 6
 On January 3, 1990, defendant filed a motion for summary judgment. On April 2, 1990, the district court entered an order, granting defendant's motion for summary judgment. On May 22, 1990, plaintiff timely filed this appeal.
 
 II.
 
 7
 The Federal Tort Claims Act ("FTCA") states the following:
 
 
 8
 A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
 
 
 9
 28 U.S.C. Sec. 2401(b) (1978 & Supp.1990). Thus, under the FTCA, the statute of limitations is tolled as long as an administrative claim is filed within two years after the accrual of the cause of action.
 
 
 10
 Although the general rule in tort actions under the Act is that the two year statute of limitations begins to run when the plaintiff is injured, United States v. Kubrick, 444 U.S. 111, 120 (1979), applying this rule in medical malpractice cases would lead to unjust results because a plaintiff may not discover the injury until more than two years after the injurious acts have occurred. Price v. United States, 775 F.2d 1491, 1493 (11th Cir.1985). In recognition of this potentially inherent injustice, the Supreme Court has held that the accrual of a cause of action under the FTCA in a medical malpractice case occurs when the plaintiff has discovered both her injury and its cause. Kubrick, 444 U.S. at 120. However, a claim is not to be delayed pending a determination by the plaintiff that the injury was negligently inflicted. Id. at 123. In other words, accrual is not postponed until a plaintiff knows that the doctor who caused her injury was legally blameworthy. Id. at 121. A plaintiff, who is aware of the facts that harm has been done to her, can protect herself by seeking advice in the medical and legal community. Id. at 123. "To excuse [her] from promptly doing so by postponing the accrual of [her] claim would undermine the purpose of the limitation statute which is to require the reasonably diligent presentation of tort claims against the Government." Id. Thus, the Supreme Court recognized in Kubrick that there is no reason to delay the accrual of a cause of action in a medical malpractice suit beyond the point at which a reasonable person's suspicions of an injury and its cause would induce him to seek professional advice about his legal recourse. At that point, the plaintiff may be expected to investigate the merits of her claim and to pursue it in a timely manner within the two year statute of limitations.
 
 
 11
 The district court in the present case concluded that it is arguable that plaintiff knew or should have discovered the cause of Marie's brain damage shortly after her birth in 1976 as she surely discussed her daughter's numerous health problems with medical professionals and could have made inquiries about a possible cause. The court determined, however, that it need not make such a finding to reach its holding, because sometime before March 22, 1985, plaintiff sought help from counsel to investigate whether she possessed any legal rights against the hospital. The district court found that plaintiff's attorneys began gathering medical records in March 1985 and, on May 11, 1985, the National Personnel Records Center mailed Pamela and Marie Gillean's 1976 medical records to the attorneys. The court held that the statute of limitations began to run, at the latest, upon receipt of the medical records in May 1985. Therefore, the administrative claim for damages, which was filed on February 22, 1988, was untimely filed outside the two-year statute of limitations period for a FTCA claim.
 
 
 12
 After a careful review of the record, we find no error in the district court's findings of fact or conclusions of law. We therefore AFFIRM the district court's grant of summary judgment to the United States for the reasons stated in the district court's memorandum opinion of April 2, 1990.