[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 15, 2007
THOMAS K. KAHN
CLERK

No. 07-10506

Non-Argument Calendar

D. C. Docket No. 06-01068-C V-CAP-1

WILLIAM ROBINSON,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
SANTA ROSA COUNTY, FLORIDA,
SANTA ROSA COUNTY JAIL, JOHN DOE,
Santa Rosa County Sheriff, JOHN DOE,
Santa Rosa County Administrator, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

**(October 15, 2007)**

Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

William Robinson, a federal prisoner proceeding pro se, appeals the dismissal, pursuant to 28 U.S.C. § 1915A, of his action brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, for lack of jurisdiction, and the denial of his motions for reconsideration.[1]

Robinson argues on appeal that the district court erred in dismissing his FTCA claim as time-barred.[2] Specifically, he argues that the Defendants' failure to provide adequate medical care for his heart condition and blood pressure, his

---

[1] Although the notice of appeal does not reference the order, Robinson argues that the district court, in its March 12, 2007 order, erred in denying his motion for reconsideration. We may construe Robinson's appellate brief as a notice of appeal. See Smith v. Barry, 502 U.S. 244, 248-49, 112 S.Ct. 678, 682, 116 L.Ed.2d 678 (1992) (examining whether a pro se appellant's brief could constitute a notice of appeal); Rinaldo v. Corbett, 256 F.3d 1276, 1278-79 (11th Cir.2001) (setting forth a two part test for determining whether to construe a brief as a notice of appeal). However, Robinson's brief, filed on May 29, 2007, was untimely as to the March 12, 2007, order. See Fed.R.App.P. 4(a)(1)(B). Therefore, the appellate brief cannot be construed as a notice of appeal with regard to that order, see Barry, 502 U.S. at 248-49, 112 S.Ct. at 682, and we dismiss the appeal as to Robinson's motion for reconsideration.

[2] Although Robinson argues on appeal that the district court erred in construing his complaint as asserting a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), he does not argue that the district court erred by dismissing that Bivens claim on res judicata grounds; therefore, he has abandoned that issue on appeal. See Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (treating issues not briefed on appeal by a pro se litigant as abandoned). Likewise, by failing to raise it in his brief, Robinson has abandoned any argument as to the statute of limitations regarding a Bivens claim.

2

hernia, his skin disease, and his dental needs were continuing torts. Robinson further argues that, notwithstanding whether or not his injuries were continuing torts, the statute of limitations for his FTCA claim was tolled for a total of 208 days by: his administrative claims, his requiring medical care, his motion for reconsideration; and the mailbox rule. Additionally, Robinson argues that he filed a timely claim as to the deprivation of his personal property.

We review de novo a dismissal for failure to state a claim under § 1915A(b)(1). Leal v. Georgia Dep't of Corr., *254* F.3d 1276, 1278-79 (11th Cir. 2001); Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (applying the same standards as a dismissal under Fed. R. Civ. P 12(b)(6) to dismissal under *§1915A(b)(1))*. Furthermore, we review de novo questions concerning the application of a statute of limitations. Harrison v. Digital Health Plan, 183 F.3d *1235,* 1238 (llthCir. 1999).

Section 1915A of the Prisoner Litigation Reform Act ("PLRA") provides that "[t]he court shall review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § l915A(a). Upon review, the court is to identify cognizable

3

claims, or dismiss the complaint or portions thereof that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief 28 **U.S.C.** § 1915A(b). Dismissal of a prisoner's complaint as time-barred prior to service will also be appropriate if it "appear[s] beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar." Hughes v. Lott, 350 F.3d *1157,* 1163 (11th Cir. 2003) (citing Leal v. Ga. Dep't of Corrs., 254 F.3d 1276, 1280 (11th Cir. 2001)). See also Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 n. 13 (11th Cir. 2005) ("At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.")

The FTCA imposes a two-year statute of limitations within which tort claims against the United States must be "presented in writing to the appropriate Federal agency." 28 U.S.C. § 2401(b). The district court has jurisdiction over a claim under the FTCA only if the plaintiff has first applied to the appropriate agency and been denied. Burchfield v. United States, 168 F.3d 1252, 1254-55 (11th Cir. 1999). A claim under the FTCA accrues when the plaintiff has knowledge of an injury and its cause. United States v. Kubrick, 444 U.S. 111,

4

123, 100 S.Ct. 352, 360, 62 L.Ed.2d 259 (1979). "[O]nce the plaintiff discovers that [his] injury is probably attributable to some act of those who treated {hirnj, there is no longer any reason to toll the statute of limitations." <u>Chamness By & Through Chamness v. United States</u>, 835 F.2d *1350,* 1352 (11th Cir. 1988) (<u>citing</u> <u>Price v. United States</u>, *775* F.2d 1491, 1493 (11th *Cir.1985)* (internal quotation marks omitted).

<u>The Continuing Violation Doctrine</u>

The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period. <u>See</u> <u>Hipp v. Liberty Nat'l Life Ins. Co.</u>, *252* F.3d 1208, 1221 (11th Cir.2001). When the violation alleged involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the unlawful conduct ceases. <u>Donaldson v. O'Connor</u>, 493 F.2d *507,* 529 (5th Cir.1974) (holding that a § 1983 action brought by a former mental patient for continuous civil confinement without psychiatric treatment did not accrue until the patient was released), <u>vacated on other grounds by</u>, <u>O'Connor v. Donaldson</u>, 422 U.S. *563, 95* S.Ct. 2486,45 L.Ed.2d 396 *(1975);* <u>Santiago v. Lykes Bros. S.S. Co.</u>, 986 F.2d 423, 426 (11th Cir. 1993) (discussing <u>Donaldson</u>). "The critical distinction in continuing violation analysis ... is whether the plaintiff[ ] complain[s] of the

5

present consequence of a one time violation, which does not extend the limitations period, or the continuation of a violation into the present, which does." Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir.2003) (quoting Knight v. Columbus, Ga., 19 F.3d *579, 580-8* 1 (11th Cir.1994)) (internal quotation marks omitted). When the plaintiff proves a continuing violation, the plaintiff may "recover for any violations for which the statute of limitations has not expired." Knight, 19 F.3d at 581.

Robinson's complaint does not allege facts that constitute a continuing violation of Robinson's rights regarding his heart condition and high blood pressure, his dental needs, his medication, his scabies-infection treatment, or his personal property. Therefore, the district court properly found that Robinson's FTCA claims were barred by the statute of limitations as to those claims.

The facts, as alleged in the complaint, however, support an inference of continued disregard of Robinson's need of medical treatment for his hernia until October 3, 2003, when Robinson's hernia surgery was performed. Because Robinson's claim regarding his hernia accrued on October 3, 2003, and Robinson filed his administrative claim on September 23, *2005,* within the two year statute of limitations, his FTCA claim is timely as to the denial of adequate health care for his hernia. Likewise, continuing to expose Robinson to the source of his scabies

6

after he was diagnosed was a continuing violation of Robinson's rights. Because it does not appear beyond a reasonable doubt that Robinson can prove no set of facts which would avoid the statute of limitations, Robinson's claim is timely as to his continued exposure to scabies. Consequently, we vacate and remand the claims of inadequate medical treatment for Robinson's hernia and for continued exposure to scabies.

### Equitable Tolling

We review a district court's legal decision on equitable tolling de novo. See Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312(11th Cir. 2001). However, the district court's determinations of the relevant facts will be reversed only if clearly erroneous. See Dorsey v. Chapman, 262 F.3d 1181, 1185(11th Cir. 2001).

The general rule is that statutes of limitations are subject to equitable tolling. See United States v. Locke, 471 U.S. 84, 94 n. 10, 105 S.Ct. 1785, 1792 n. 10, 85 L.Ed.2d 64 (1985) ("Statutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling."); Cook v. Deltona Corp., 753 F.2d 1552, 1562 (11th Cir. 1985) (citing Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946)) ("Principles of equitable tolling are read into every federal statute of limitation").

7

Equitable tolling is appropriate only in "extraordinary circumstances." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). To illustrate, "extraordinary circumstances" can be those "that are both beyond [the plaintiffs] control and unavoidable even with diligence." Id. Equitable tolling may also be appropriate if a "claimant has received inadequate notice; or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or where the court has led the plaintiff to believe that she had done everything required of her." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725-26, 80 L.Ed.2d 196 (1984) (citations omitted). The most common example of an extraordinary circumstance is when the defendant's misconduct induced the plaintiff into allowing the filing deadline to pass. See Baldwin County Welcome Ctr., 466 U.S. at 157, 104 S.Ct. at 1726 (permitting tolling if "affirmative misconduct on the part of a defendant lulled the plaintiff into inaction").

Because Robinson suffered a continuing violation of his right to adequate medical care regarding his hernia and scabies, we need not determine whether equitable tolling applies to those claims. However, the record, as a whole, does not present extraordinary circumstances that warrant the tolling of Robinson's claims regarding his heart condition and high blood pressure, his dental needs, or

8

his denial of proper medication. Therefore, we affirm the district court's dismissal of those claims as time barred.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**