[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11727
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00262-JES-PRL


JOSE RAMON ECHEMENDIA,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 29, 2017)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff appeals the district court's grant of summary judgment in his action under the Federal Tort Claims Act ("FTCA") on the grounds that he did not file an administrative claim within the two-year statute of limitations period, as required by the statute.  We affirm.

## I.    BACKGROUND

Plaintiff Jose Ramon Echemendia ("Plaintiff") has Type II diabetes and is an inmate at Federal Correctional Institute, Coleman.  Upon his arrival at Coleman on June 23, 2011, Plaintiff alleges that he was given standard work boots, rather than diabetic shoes, in violation of Bureau of Prison (BOP) policies.  As a result, Plaintiff developed severe blistering on his left foot, and he eventually reported to the infirmary with severe bleeding, swelling, pain, and an infection.  Plaintiff's injury did not respond to antibiotic treatments.  By August 19, 2011, the toes on his left foot were gangrenous, and Plaintiff was taken to the hospital.  Plaintiff was informed the next day, August 20, that he would have to have two of the toes on his left foot amputated. Plaintiff's toes were amputated on August 25.  Plaintiff remained hospitalized until October 9, 2011.  Plaintiff continues to suffer severe pain in his foot and other physical and emotional complications from his amputation.

Proceeding *pro se*, Plaintiff prepared an administrative claim against the BOP using Standard Form 95 on August 7, 2013, and gave it to prison staff to mail

on August 22, 2013.[1]  Prison staff mailed it on August 23, and the BOP received it August 26, 2013.  Plaintiff filed a claim in federal district court against the United States ("Defendant") on May 5, 2014, and an amended complaint on May 29, 2014.  Plaintiff alleged that the medical staff at Coleman failed to properly "help me with my medical issue," and sought $850,000 in damages as a result of his injury.  Defendant filed a motion for summary judgment, arguing that Plaintiff's administrative claim was not timely because the BOP received it after the two-year statute of limitations had passed.  The district court agreed and granted Defendant's motion for summary judgment.

## II.    DISCUSSION

### A.    Standard of Review

We review *de novo* a district court's grant of summary judgment on an FTCA claim.  *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006).  Questions concerning the application of a statute of limitations are also reviewed *de novo*.  *Harrison v. Digital Health Plan*, 183 F.3d 1235, 1238 (11th Cir. 1999).

### B.    Whether Plaintiff's Administrative Claim Was Timely Filed?

To make a claim against an agency under the FTCA, an administrative claim must be "presented in writing to the appropriate federal agency within two years

---

[1]  A claimant must first present an administrative claim to the relevant agency and receive a denial before pursing an FTCA claim in court.  28 U.S.C. § 2675(a).  Submitting a Standard Form 95 to the agency is the usual way that administrative claims are made.  *Dalrymple v. United States*, 460 F.3d 1318, 1322 n.3 (11th Cir. 2006).

after such claim accrues." *Price v. United States*, 775 F.2d 1491, 1493 (11th Cir. 1985) (quoting 28 U.S.C. § 2401(b)). A claim is considered presented to the agency when the agency "*receives* from a claimant . . . an executed Standard Form 95 or other written notification of an incident." 28 C.F.R. § 14.2 (emphasis added). The two-year statute of limitations period typically begins to run when the plaintiff is injured, although a medical malpractice claim "accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both her injury and its connection with some act of the defendant." *Price*, 775 F.2d at 1494–95.

Defendant argues that his claim did not accrue until he "realized the seriousness of his situation and that he needed to file for a remedy due to [BOP] negligence." Defendant states that "he waited until he found out the extent of the surgery and how it would affect him physically in the remainder of his life." The purpose of departing from a strict application of the two-year statute of limitations in medical malpractice situations, however, is "to protect plaintiffs who are blamelessly unaware of their claim because the injury has not yet manifested itself or because the facts establishing a causal link between the injury and the medical malpractice are in the control of the tortfeasor or are otherwise not evident." *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999). This does not apply to Plaintiff, who was aware of the "seriousness of his situation" when he was

informed he needed his toes amputated as a result of the infection.  At that point,

Plaintiff had "learn[ed] the 'critical facts' indicating that he had been hurt and who

had inflicted the injury"; that is, Plaintiff was aware of his injury and its connection

to Defendant through to the shoes provided him by the BOP.[2]  *McCullough v.*

*United States*, 607 F.3d 1355, 1360 (11th Cir. 2010) (quoting United States v.

Kubrick, 444 U.S. 111, 122 (1979)).  We therefore agree with the district court that

Plaintiff's claim accrued no later than August 20, 2011.

Plaintiff thus had two years from August 20, 2011, to present his claim to

the BOP as required by the statute, but the BOP did not receive Plaintiff's Standard

Form 95 until August 26, 2013, outside of the two-year period.  Defendant argues

that the Supreme Court's decision in *Houston v. Lack*—holding that a *pro se*

prisoner's notice of appeal was deemed filed when he delivered the notice to prison

authorities for forwarding to the district court—should be applied to his situation.

487 U.S. 266, 270–71 (1988).  However, even if the "prison mailbox rule" is

applicable,[3] Plaintiff did not submit his claim to prison staff until August 22, 2013,

meaning his administrative claim was untimely.

---

[2]  Defendant notes that he received a medical evaluation immediately prior to his transfer to
Coleman in which the doctor certified that he did not have any lacerations or other problems with
his feet.

[3]  Relying on *Houston*, this Court has recognized that, for *pro se* prisoners filing claims under the
FTCA, "*the date of filing shall be that of delivery to prison officials* of a complaint or other
papers destined for district court for the purpose of ascertaining timeliness."  *Garvey v. Vaughn*,
993 F.2d 776, 783 (11th Cir. 1993).  As the plaintiff in *Garvey* had already properly submitted an

### C.    Whether Equitable Tolling Is Appropriate in Defendant's Case?

Plaintiff argues that his late filing should be excused under the doctrine of equitable tolling.[4]  While the FTCA's statute of limitations is subject to equitable tolling, *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015), equitable tolling is an "extraordinary remedy" that should be used "sparingly."  *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (quoting *Justice v. United States*, 6 F.3d 1474, 1475 (11th Cir.1993)).  A plaintiff seeking equitable tolling has the burden of showing that his untimely filing was "because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence."  *Id.* (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999)).

In support of his argument that equitable tolling should be applied to his situation, Plaintiff points to his hospitalization, confinement to a wheelchair that limited his access to the law library, and transfer from one prison to another.  These are not extraordinary circumstances, however.  Defendant's impairments

---

administrative claim, *Garvey* does not address whether the prison mailbox rule extends to the filing of the administrative claim itself.  *Id.* at 779.

[4]  Plaintiff also discusses in his brief excusable neglect under Fed. R. App. P. 4(a)(5).  This discussion is mostly directed to Plaintiff's late filing of his response to Defendant's motion for summary judgment, but to the extent that Plaintiff contends that excusable neglect under Rule 4(a)(5) is sufficient to deem his administrative claim timely, Plaintiff's argument fails.  Rule 4(a)(5) does not apply to administrative claims under the FTCA, and excusable neglect is not otherwise sufficient to trigger equitable tolling.  *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 847 (11th Cir. 2013).

themselves cannot create extraordinary circumstances unless there is a connection between the incapacity and the delay in filing, *see Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005) (holding that mental incapacity is not sufficient to justify equitable tolling without establishing a connection between the impairment and ability to timely file), and Plaintiff has not shown how any of his physical limitations created a circumstance "unavoidable even with diligence" that prevented him from filing his administrative claim.  *Arce*, 434 F.3d at 1261. Plaintiff was not confined to the hospital or to a wheelchair for the entirety of the two-year period, and indeed, these impediments occurred at the *beginning* of the limitations period.  Also, a transfer between prisons is not an extraordinary circumstance.  Nor are Plaintiff's *pro se* status and ignorance of the law factors that can call for equitable tolling.  *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997).  In sum, Plaintiff has not met his burden of showing that his circumstances are extraordinary enough to warrant equitable tolling.

## III.   CONCLUSION

It is very unfortunate that Plaintiff suffered a serious injury and also unfortunate that Plaintiff's claim cannot be heard when he was only two days late in submitting that claim.  Nevertheless, the FTCA requires a claimant to file an administrative claim against an agency within two years of the claims accrual, and Plaintiff failed to do so.  Further, Plaintiff has not demonstrated that equitable

tolling should be applied in his case to excuse his late filing.  Therefore, the district court's grant of summary judgment in Defendant's favor is **AFFIRMED**.

JORDAN, Circuit Judge, concurring in the judgment.

Given Supreme Court precedent on the accrual of a cause of action under the FTCA, *see, e.g., United States v. Kubrick*, 444 U.S. 111, 118 (1979), I agree with the court that we must affirm the summary judgment entered against Mr. Echemendia.  But it seems to me that, when surgery is required for the purported medical malpractice of prison doctors, there is a good argument that the inmate's claim should accrue on the date of the surgery.  Until the prisoner actually undergoes surgery, and knows what was done during surgery, it is impossible for him to know whether the information he was given before the procedure (that he has a problem, and that the problem requires surgical intervention) is correct. There are certainly times when doctors, having started a planned surgical procedure, do not carry through or change course because of something they find during the procedure.