[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10968

Non-Argument Calendar

_____

EDDY JEAN PHILIPPEAUX,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendant-Appellee,

DEPARTMENT OF VETERANS AFFAIRS,
Unnamed Agents of the Department of
Veterans Affairs in their individual capacities,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cv-25238-RNS

————————————

Before ROSENBAUM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Eddy Jean Philippeaux, proceeding pro se, appeals the District Court's order dismissing his second amended complaint that asserted various Federal Tort Claim Act (FTCA) claims against the United States, and dismissing his request for declaratory judgment. He argues that the District Court erroneously determined that the Veterans' Judicial Review Act (VJRA), 38 U.S.C. § 511(a),[1] barred his claims.

Even if Philippeaux's VJRA argument were correct, he fails to address the District Court's reasons for dismissing his underlying claims. We therefore affirm.

## I. Background

On December 13, 2018, Philippeaux filed a pro se complaint alleging claims against the U.S. under the FTCA, which he later amended to add various exhibits. The Government moved to

---

[1] The VJRA "restricts judicial review of 'questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.'" *Smith v. United States*, 7 F.4th 963, 965 (11th Cir. 2021) (quoting 38 U.S.C. § 511(a)).

dismiss and argued that Philippeaux's first amended complaint should be dismissed as a shotgun pleading. The District Court agreed and dismissed Philippeaux's first amended complaint without prejudice.

In turn, Philippeaux filed a second amended complaint—the operative complaint in this appeal. Philippeaux alleged that while he was serving on a U.S. Naval battleship in 1977, he fell on a sharp metal hatch and suffered a traumatic brain injury (TBI). He also alleged that his TBI went undiagnosed and caused various medical complications. Philippeaux raised five claims against the U.S. and sought damages under the FTCA, including: Count I: negligent initial treatment and failure to diagnose his injury, Count II: a second negligence claim related to the care he later received, Count III: retaliation,[2] Count IV: intentional infliction of emotional distress, and Count V: discrimination.[3] Along with compensatory damages, Philippeaux sought an injunction "to order the Government to immediately provide [him] with . . . overdue medical care."

The Government again moved to dismiss Philippeaux's complaint, this time for lack of subject matter jurisdiction and

---

[2] Philippeaux's retaliation claim alleged that a Department of Veterans Affairs (VA) doctor generated a "controversial report," which determined that Philippeaux never suffered a TBI because he had filed a complaint with the VA.

[3] Philippeaux's discrimination claim alleged that when he later served in the D.C. Air National Guard, he was demoted and involuntarily discharged based on complications from his TBI. He claimed that "[a] person of the Caucasian race similarly situated would have had a much better outcome."

failure to state a claim.  It argued that the District Court lacked jurisdiction over Count I because of the *Feres* doctrine.[4]  The Government also asserted that Philippeaux was collaterally estopped from raising Counts II–IV of his complaint because the Southern District of New York had resolved his identical claims in *Philippeaux v. United States* (*Philippeaux I*), No. 10 Civ. 6143(NRB), 2011 WL 4472064 (S.D.N.Y. Sept. 27, 2011).  And it asserted that Counts III and V were jurisdictionally barred based on sovereign immunity, as no state-tort analogue existed to serve as the basis for Philippeaux's retaliation and discrimination claims.  As to Philippeaux's request for injunctive relief, the Government argued that the District Court lacked jurisdiction to order such an injunction under the VJRA.  Last, the Government contended that Philippeaux's complaint failed to state a claim because all his claims were time-barred by the FTCA's statute of limitations.

In response, Philippeaux asserted that Count I was an exception to the *Feres* Doctrine under *Brooks v. United States*, 337 U.S. 49 (1949).  As to Counts III and V, Philippeaux cited several state-tort laws as the basis for these claims.  Philippeaux also argued that his claims were not barred by the statute of limitations under the

---

[4] *Feres v. United States*, 340 U.S. 135, 146 (1950).  The *Feres* doctrine "operates to bar all service-related tort claims brought by soldiers against the government." *McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1343 (11th Cir. 2007).

discovery rule and continuing violation doctrine.[5] And Philippeaux moved for declaratory judgment.

The Government replied that Philippeaux's claims were time-barred and argued that the continuing tort doctrine was inapplicable. It also maintained that *Feres* rather than *Brooks* controlled. The Government noted that *Brooks* applies when a servicemember's injury is not incidental to their service, unlike what happened here. Last, the Government asserted that Philippeaux failed to establish the requisite factual or legal basis for his claims in Counts III and V.

Philippeaux then filed an untimely supplemental memorandum of law. He argued that collateral estoppel did not bar his claims because his injury was not apparent until he filed this action, and he reasserted that the continuing violation doctrine meant that his claims were not barred by the FTCA's statute of limitations.

The District Court granted the Government's motion to dismiss and denied Philippeaux's motion for declaratory judgment. The District Court found that Philippeaux's Count I medical negligence claim was barred by the *Feres* doctrine, as the claim was

---

[5] The discovery rule provides that "a medical malpractice claim under the FTCA accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both her injury and its connection with some act of the defendant." *Price v. United States*, 775 F.2d 1491, 1494 (11th Cir. 1985). "The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period." *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006) (per curiam).

6                    Opinion of the Court                    23-10968

"clearly incident" to his active-duty service.  It also determined that Philippeaux's Count II medical negligence, Count III retaliation, and Count IV intentional infliction of emotional distress claims were collaterally estopped by the Southern District of New York's decision in *Philippeaux I*.[6]  And the court found that it lacked subject matter jurisdiction over Philippeaux's retaliation and discrimination claims in Counts III and V because Philippeaux did not identify an appropriate basis in state law, and "therefore, the United States ha[d] not waived its sovereign immunity under the FTCA."  The court likewise denied Philippeaux's request for injunctive relief.  It reasoned that it lacked subject matter jurisdiction based on *Smith v. United States*, 7 F.4th 963, 985–86 (11th Cir. 2021), which held that district courts may not order the VA to make a specific benefits determination.[7]  Last, the District Court concluded that the FTCA's statute of limitations was an alternate, independent basis on which all of Philippeaux's claims were barred.  Philippeaux timely appealed.

---

[6] The District Court addressed the arguments in Philippeaux's untimely supplemental memorandum due to his pro se status.

[7] Notably, the Federal Circuit also affirmed the denial of Philippeaux's claim to recast his honorable discharge from the Navy as a disability based on the 1977 accident because "substantial evidence from that period support[ed] a finding that he was in good health and was fit for reenlistment." *See Philippeaux v. United States*, No. 2021-1466, 2021 WL 4059100, at *5–6 (Fed. Cir. Sept. 7, 2021) (per curiam).

## II.  Legal Standards

"We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss.  In assessing the sufficiency of a claim, we accept all well-pled allegations as true and draw all reasonable inferences in the plaintiff's favor."  *Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017) (citation omitted).  We also "review *de novo* the district court's decision to dismiss for lack of subject matter jurisdiction."  *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001).  And "[w]e review *de novo* the district court's interpretation and application of the statute of limitations."  *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 n.2 (11th Cir. 2003) (per curiam).

## III.  Discussion

Philippeaux contends that the District Court erred because it incorrectly determined that the VJRA barred his claims.  However, Philippeaux fails to address the District Court's actual reasons for dismissing his underlying claims.  Because Philippeaux is proceeding pro se, we first explain how we review pro se filings.  We then explain why—even under that standard—Philippeaux's failure to adequately address the District Court's reasons dooms his appeal.

"While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned."  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (citations omitted); *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc) (clarifying that "the mere failure to raise any

issue in an initial brief on direct appeal should be treated as forfeiture of the issue"), *cert. denied*, 143 S. Ct. 95 (2022) (mem.). "We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "A party fails to adequately 'brief' a claim when he does not 'plainly and prominently' raise it, 'for instance by devoting a discrete section of his argument to those claims.'" *Id.* at 681 (quoting *Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013), *abrogated on other grounds by Nasrallah v. Barr*, 140 S. Ct. 1683 (2020)).

Similarly, we will not address arguments advanced for the first time in an appellant's reply brief. *Id.* at 683. Nor will we consider "an issue not raised in the district court and raised for the first time in an appeal." *Depree v. Thomas*, 946 F.2d 784, 793 (11th Cir. 1991). That said, there are five situations in which we may consider a forfeited issue:

> (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern.

*Campbell*, 26 F.4th at 873.

23-10968                Opinion of the Court                9

"To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo*, 739 F.3d at 680. "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*

Liberally construing Philippeaux's brief, he still has abandoned any challenge to the District Court's reasoning as to why his claims fail.[8] Philippeaux fails to adequately address the District Court's dismissal of: (1) Count I as barred by the *Feres* doctrine; (2) Counts II–IV as barred by collateral estoppel; and (3) Counts III and V as barred by sovereign immunity. At best, Philippeaux makes passing references to the *Feres* doctrine and collateral

---

[8] To be sure, Philippeaux narrowly challenges the basis on which the District Court denied him injunctive relief under the VJRA. But the VJRA was not basis for the District Court's dismissal of his underlying claims. As explained above, Philippeaux has forfeited any argument that the District Court erred there. And a request for injunctive relief cannot survive without an underlying cause of action. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) ("For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6) (failure to state a claim)."). We therefore need not reach the merits of Philippeaux's arguments about injunctive relief and the applicability of the VJRA.

We also need not consider Philippeaux's constitutional challenge to 38 U.S.C. § 511 because he made this argument for the first time in his reply brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014).

estoppel in his "statement regarding oral argument" and "statement of issues on appeal." And nowhere does he try to challenge the District Court's ruling that Counts III and V are barred by sovereign immunity.

Even if he had challenged the District Court's rulings as to those claims, Philippeaux fails to address the District Court's alternative and independent finding that all his claims were barred by the FTCA's statute of limitations. And though we do not take Philippeaux's injury lightly, he has not shown exceptional circumstances that would warrant review of these forfeited issues. *See Campbell*, 26 F.4th at 873.

## IV. Conclusion

Philippeaux has forfeited any challenge to the District Court's order that would be sufficient to vacate it. We therefore affirm.

**AFFIRMED.**