**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11523
Non-Argument Calendar
_____

GLENN SCOTT COHEN,

*Plaintiff-Appellant,*

*versus*

DEPARTMENT OF VETERAN AFFAIRS,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:24-cv-80706-RLR
_____

Before ROSENBAUM, GRANT, and ED CARNES, Circuit Judges.

PER CURIAM:

Glenn Cohen had two ganglion cysts removed from his lower left leg at West Palm Beach VA Medical Center (VA hospital) in 2015. By the end of 2019, he noticed the cysts had returned and

he had a painful varicose vein in the same leg.  He underwent diagnostic testing for venous insufficiency at the VA hospital on December 22, 2020, and after the results were negative for that, he sought a second opinion.  After a non-VA doctor diagnosed him with venous insufficiency, Cohen filed a Standard Form 95 claim for injury (SF-95) with the Department of Veteran Affairs (VA) on August 29, 2022.  In that form he alleged that the VA hospital had committed medical malpractice on December 22, 2020, by not diagnosing him with venous insufficiency then.  He claimed that the VA hospital had misdiagnosed the problem with his left leg, and because of that, he was now "being treated for the latest problem with a venous eczema rash."

In June 2024, proceeding *pro se*, he sued the VA in federal court for medical malpractice.[1]  After allowing Cohen one opportunity to amend the complaint, the district court dismissed Cohen's amended complaint for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted.  Cohen, still proceeding *pro se*, timely appealed.  Because he did not challenge on appeal one of the district court's alternative grounds for dismissal and because the district court did not abuse its discretion in dismissing Cohen's amended complaint without leave to amend, we affirm.

---

[1] Because Cohen had opted to seek a judicial remedy by filing this lawsuit, the VA denied his administrative claim in December 2024.

## I.

Cohen's original complaint alleged that in 2015, the VA operated on his left leg to remove ganglion cysts and after a second operation at some unspecified date, "a varicose vein started bulging out of [his] leg and [his] ankle start[ed] swelling." He asserted that "[t]hey said nothing was wrong and I have venous insufficiency in the leg."[2] With that complaint he submitted several pages of his VA hospital medical record, which show that he was "last seen in surgery" in January 2019, and in 2020, he complained to his VA primary care provider that "[e]verything came back" after his last surgery. An ultrasound of his leg, completed on December 22, 2020, showed no venous insufficiency at that time. After that, Cohen sought a medical opinion outside of the VA hospital and was diagnosed with venous insufficiency seven months later on July 23, 2021.

The VA filed a motion to dismiss, which the district court granted because of the insufficiency of factual allegations in the original complaint. But the court granted Cohen leave to amend. In the amended complaint, Cohen alleged that "there is a breach that cause[d] injury" and that the "cause of injury . . . was the ankle swelling and the bulging varicose vein in addition to the venous

---

[2] "[W]e liberally construe [the] pleadings" of *pro se* litigants. *Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020). And at the motion to dismiss stage of the proceedings, we accept all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in Cohen's favor. *See Vargas v. Lincare, Inc.*, 134 F.4th 1150, 1159 (11th Cir. 2025). Following these principles, we recount the facts as alleged.

eczema rash." And he alleged that a non-VA physician diagnosed him with venous insufficiency after the VA hospital missed this diagnosis. His amended complaint asserted that "the medical malpractice then occurred on 7/23/2021 at which time [the non-VA physician] discovered the venous insufficiency. But until this time there was no medical malpractice before th[at] date[,] which is a clear indication that the breach occurred on 7/23/2021 and this is when the injury became prevalent."

Construing the amended complaint as stating a claim for medical malpractice under the Federal Tort Claims Act (FTCA), the VA filed a motion to dismiss the amended complaint, asserting four grounds for dismissal: (1) Cohen's administrative claim had been based on the recurrence of his ganglion cysts, and he hadn't exhausted his administrative remedies for a claim based on "venous insufficiency," so the court lacked subject matter jurisdiction to consider that claim. (2) Florida's two-year statute of limitations barred his medical malpractice claim. (3) Cohen had asserted a negligence claim against the entire agency instead of specific federal employees, so the FTCA's limited sovereign immunity waiver didn't apply, and sovereign immunity barred his claim. (4) Cohen failed to state a medical malpractice claim under Florida law. The district court dismissed the amended complaint "for the reasons set forth in the Motion to Dismiss." Cohen appealed, challenging only three of the four grounds upon which the district court based its dismissal. He failed to address one of the four grounds, which was the court's conclusion that sovereign immunity bars his claim.

## II.

When an appellant fails to challenge one of multiple independent grounds for a district court's dismissal, "he is deemed to have abandoned any challenge of that ground, and . . . the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). This applies to litigants proceeding *pro se* too. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.") (citations omitted); *see also Miccosukee Tribe of Indians of Fla. v. Cypress*, 814 F.3d 1202, 1211 (11th Cir. 2015) ("Our [C]ourt applies this waiver rule strictly, and we are not at liberty to recognize an exception for issues district judges rely upon in summary fashion or state as alternative explanations for their underlying judgments.").

The district court adopted the VA's argument that the court lacked subject matter jurisdiction to hear Cohen's FTCA claim based on his failure "to identify [a] specific federal employee" who caused his injury. That failure meant Cohen's claim was "against the entire agency" and therefore barred by sovereign immunity because the FTCA does not "waive[] . . . sovereign immunity for alleged institutional negligence on the part of a federal agency." Because Cohen failed to challenge the district court's dismissal of his FTCA claim on that ground, he has abandoned any challenge of it, and the judgment is due to be affirmed. *See Sapuppo*, 739 F.3d at 680; *see generally Smith v. United States*, 14 F.4th 1228, 1230–31, 1234

(11th Cir. 2021) (explaining that it is the plaintiff's burden to establish jurisdiction and show that the FTCA's limited waiver of sovereign immunity applies to his claim).[3]

## III.

Cohen contends that even if dismissal of his first amended complaint were warranted, it was an abuse of discretion to dismiss it with prejudice.  We construe this argument liberally to be one challenging the district court's rejection of his attempt to file another amended complaint.

We review only for abuse of discretion a district court's "decision about whether to allow an amendment to a complaint." *Horton v. Gilchrist*, 128 F.4th 1221, 1224 (11th Cir. 2025).  A district court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  A district court may deny leave to amend, however, "if amendment would be futile." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020).  "Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss . . . stage." *Id.*

First, Cohen indicated to the district court that he wanted "the opportunity to prosecute a claim based upon much more recent facts" than the allegations set in 2015, so the court gave him

---

[3] Because we affirm the district court's dismissal on this basis, we do not reach the merits of Cohen's other arguments against dismissal of the first amended complaint. *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) ("[A] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.") (quotation marks omitted).

that opportunity and allowed him to amend the original complaint. *See generally Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (explaining that a district court must give *pro se* litigants at least one opportunity to amend the complaint before dismissing the action with prejudice if "a more carefully drafted complaint might state a claim") (quotation marks omitted).

After Cohen filed the amended complaint, the court concluded that he had again failed to allege sufficient factual information to satisfy the elements of a medical malpractice claim under Florida law. *See generally Ochran v. United States*, 273 F.3d 1315, 1318 (11th Cir. 2001) ("In the absence of facts which support liability under Florida law, [the plaintiff's FTCA] claim fails for lack of subject matter jurisdiction."); *Saunders v. Dickens*, 151 So. 3d 434, 441 (Fla. 2014) (Cohen's amended complaint failed to allege 1) "a duty" by a VA physician; 2) that a VA physician "breach[ed] . . . that duty"; and 3) that a breach in duty "caus[ed]" Cohen's injury.).

Second, Cohen's claim is time-barred, so allowing him to amend the complaint a second time would have been futile. A tort claim against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or it "shall be forever barred." 28 U.S.C. § 2401(b). An FTCA medical malpractice claim begins to "accrue[] when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both h[is] injury" and its cause. *Price v. United States*, 775 F.2d 1491, 1494 (11th Cir. 1985).

These types of claims begin to accrue even if a plaintiff does not know whether his injury was negligently inflicted. *See United States v. Kubrick*, 444 U.S. 111, 123 (1979). The FTCA's two-year statute of limitations gives a plaintiff time to confer with other medical professionals, to investigate whether there has been negligence, and to decide whether to file a claim. *See id.* at 123–24.

But the two-year statute of limitations isn't intended to permit a plaintiff to "bury his head in the sand once he is put on notice that the government may have caused an injury." *McCullough v. United States*, 607 F.3d 1355, 1359 (11th Cir. 2010) (quotation marks omitted and alterations adopted); *see Price*, 775 F.2d at 1493 (explaining that while "the statute of limitations period in medical malpractice actions is tolled until the plaintiff possesses the critical facts of h[is] injury and its cause," when the "plaintiff discovers that h[is] injury is *probably attributable* to some act of those who treated h[im], there is no longer any reason to toll the statute of limitations") (emphasis added). Nor is it meant to allow the plaintiff to decide whether to sue only after he's collected all relevant evidence. *See Price* 775 F.2d at 1493–94 (explaining that the Supreme Court "did not hold that the statute of limitations period is tolled until the plaintiff knows the particular acts that resulted in her injury").

Cohen's 2020 ultrasound and 2021 non-VA diagnosis may have been relevant evidence supporting his claim of medical malpractice. But Cohen admitted in his SF-95 that he "discover[ed] . . . h[is] injury," *id.* at 1493, "by the end of 2019" because it was then

that his ganglion cysts returned for a second time and that he had a painful varicose vein in his leg.  And the VA had been treating Cohen's leg for several years by that point.  Therefore, even if he didn't know that his injury had been negligently caused, he knew or "should have [been] alerted . . . to the possibility" that his injury was connected to some act of the VA. *McCullough*, 607 F.3d at 1358–60 (concluding a plaintiff had all the "critical facts" to know he'd been injured after an operation at the VA where the "physical and temporal proximity [of his pain] should have alerted  him to the possibility that the VA doctors  missed something during his prior visits to the VA hospital") (quotation marks omitted); *Price*, 775 F.2d at 1493.  And the fact that Cohen sought medical treatment outside the VA further confirms that he was "alerted" to the "*possibility* that the VA doctors missed something" when he was made aware of his injury "by the end of 2019." *McCullough*, 607 F.3d at 1360 (emphasis added).

Thus, the two-year statute of limitations for his injuries began running at the end of 2019 (at the latest), making his SF-95 filed in 2022 untimely. *See* 28 U.S.C. § 2401(b); *see generally Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006) (explaining that a federal court lacks jurisdiction over an FTCA claim "unless the claimant first files an administrative claim with the appropriate agency" and that "claim must be filed within two years from the time the claim accrues") (quotation marks omitted).

Because the district court had already given Cohen an opportunity to amend the complaint and any amendment to his

amended complaint would have been futile, the district court did not abuse its discretion when it dismissed the amended complaint without leave to further amend.

**AFFIRMED.**